Brady, J.
The motion to continue the injunction granted in this action was distinguished by the introduction of numerous papers, and the consideration and discussion of a variety of subjects, directly, incidentally and collaterally bearing upon it, as supposed by the learned gentlemen arrayed on either side, and these papers and arguments have been duly read, examined and considered.
In the view of it which impressed itself upon the court on the presentation of the motion, and is confirmed after due deliberation, it is not necessary, however, to express any opinion on more than one of the various subjects referred to. The charges and counter-charges, crimination and recrimination, indulged in, yield to an abstract question which stands at the very threshold of this investigation. If that were not controlling, it would be necessary, and doubtless advantageous to the cestuis que trust of the Erie Railway Company, to treat of the many revelations which were made by the affidavits and papers ; but, as intimated, the time has not yet arrived for that purpose, and it must be left for some other tribunal. The importance of the question of law suggested was fully appreciated *242 by the senior counsel for the plaintiffs herein, and discussed by him as a leading obstacle to the success of the motion. It may be briefly stated.
One of the objects of the plaintiffs, in the suit of McHenry and others against the plaintiffs herein and others, was to remove the plaintiffs herein from their position as trustees under the mortgages mentioned in this complaint; and the assault made, of which that was expected to be the result, was predicated of allegations of misconduct, mismanagement and neglect, all operating to the prejudice of the estate to which the trust related. The charges are sufficient in substance to justify the relief thus demanded (if true), and whether they are true or not is an issue which the plaintiffs in that suit have the right to present, and to have determined therein. The action brought by them is pending in this court, and was so when this one was commenced, and they had therefore inaugurated a proceeding which struck at the very life of the plaintiffs herein as trustees; and which, if successful, must end it. The latter could in that action have vindicated themselves, and doubtless placed the whole controversy before the court, which was material to be considered, and it may be that this action, except for the purpose of arresting the continuance of the actions of McHenry and others, was substantially unnecessary. Indeed, it is claimed by the defendants McHenry and others that it is one chiefly for an injunction, because that is its main object. The prayer of the complaint furnishes justification for this view, inasmuch as it prays that an inquiry be directed to ascertain whether the plaintiffs, McHenry and others, are owners of the bonds claimed by them ; also as to the bonds outstanding under the mortgages not embraced in the plan of reorganization, and as to who and what owners of such bonds disapprove of the plan and agreement of reorganization, and if it shall appear, upon such inquiry, that there are *243 any such bondholders who are entitled to demand that the plaintiff shall proceed with the foreclosure of the mortgage for the benefit of such bondholders, and who do require and demand that the plaintiff shall so proceed, that the plaintiff may be at liberty to proceed with the foreclosure thereof in this action; and further, that McHenry and others may be permanently restrained from prosecuting the actions brought by them. This is substantially the whole of the prayer.
It cannot be said that this action is a cross action. The relations existing between the plaintiffs herein and the plaintiffs McHenry and others in the other action, so far as disclosed by the complaint herein, are not such as to form the subject of an independent action against the latter personally. The plaintiffs herein urge no personal claim or demand against them or either of them. The gravamen or theory of the complaint herein, is that they are resisting improperly and unjustly a scheme, plan or agreement of organization to which a large majority of the bondholders and stockholders assented, and which would, if carried out, be for the best interest of all. It is said, indeed, that the union of millions in advocacy of the plan of reorganization should prevail in the consideration of the court, and prevent the continuance of the action commenced by McHenry and others ; but this is no answer to the proposition that this department should not interfere with and stay the proceedings in an action pending in another department, and aimed at the very existence of the plaintiffs, for any purpose connected with the active control of the Erie Railway Company, or its property. If this proceeding were designed to accomplish the dissolution of an injunction obtained by McHenry and his co-plaintiffs in their action, restraining the plaintiffs and others from completing the plan of reorganization or interfering with *244 them in any way, the merits of their claim or status in court would be a proper subject for consideration, but it is not, and the merits do not, therefore, form a legitimate issue on this motion. It is enough for the purposes of this application that a cause of action is revealed in the other case which the plaintiffs herein would not prevent on this, namely, the alleged forfeiture of the trust reposed in them by misconduct, which the plaintiff McHenry and his co-plaintiff asseverate and seek to establish in their action. The plaintiffs, McHenry and others, asserting that they are owners of bonds of the company, and being, if that be true, some of the cestuis que trustent, are entitled, to protection to the extent of- their interests, equally with the others, and have a right to seek it from the courts. No man can be justly censured for essaying to enforce in a court of justice what he is advised or believes to be his right. If the results of such an effort show him to have been mistaken or misled, he pays, in the costs imposed, the penalty of unjust litigation. Having this privilege, it is in the case of McHenry and others against the plaintiffs herein that the examination of the charges made against the latter should be disposed of, and not upon affidavits and documents in this- action and on motion. The subject presented by them is grave, and demands at least the usual mode of inquiry, and they are so pointed and impressive as to call for impartial and deliberate investigation. The plaintiffs, McHenry and others, having made their accusation, cannot be foiled by this action in anticipation of their proof. The plaintiffs herein having been assailed as suggested cannot in other words change the field of action by commencing a suit to restrain the inaugurated inquiry as to their fidelity, and place the assailants on the defensive. The first assault relates .to the propriety of permitting the plaintiffs to do anything *245 other than to retire from the trust itself, and affects the justice, therefore, of permitting them to do anything active in regard to it.
They (the plaintiffs McHenry and others) are advised that the plaintiffs herein have been derelict, and have abused their trust,' and being thus guilty can no longer exercise the authority conferred upon them. The plaintiffs herein deny these imputations, it is true, and may be entirely innocent; but that does not affect the question. The other plaintiffs have a right to their day in court in their action, and whether the plaintiffs herein have any real standing on account of the charges made against them will be determined if that action be proceeded with by the plaintiffs therein, or be dismissed for failure to prosecute.
It would seem to be a self-evident proposition that if a trustee be impugned by action for violations of duty, and his removal be asked, he cannot be allowed to prevent the prosecution so begun by becoming himself a plaintiff against his assailant, even though he seek also to perform such parts of his trust as he is charged with having omitted or neglected. The reason is plain, and it is that whether he should act further at all as a trustee is the question involved in the first action—whether, in other words, he has not forfeited all authority to act in his representative character. The right of a bondholder thus to impugn the trustee cannot be questioned and will not be discussed, and it has been justly said that a suitor in the same court in an action between the same parties should not be enjoined from proceeding with his action except in an extreme case, and when the most serious consequences would result from a refusal to enjoin him (Erie Eailway Company v. Ramsey, 45 N. Y. 653. See also opinion of Justice Daniels, relating to this subject in this case, just delivered).* This mo *246 tipn is thus disposed of on the proposition that the plaintiff 'herein cannot be allowed by this action to prevent the investigation in regard to the performance of their trust, which the defendants McHenry and others have begun. The examination to which it has been subjected, and the principles which govern it having been considered and applied, leave no doubt of the correctness of the conclusions expressed. It may be, perhaps it is, unfortunate that the action of McHenry and others was commenced first, but that is one of the incidents of property held in common by numerous persons having similar rights. A majority of owners in interest, even in cases where that is a proper element of consideration in the controversy, does not always control in courts of justice, and one owner having a comparatively small share may demand and must receive the full consideration of Ms rights. This cannot well be gainsaid, and must be carried out as an element in the due administration of the law.
For these reasons the motion must be denied.
Order accordingly.

 See page 255 of this vol.